United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>    v.<br><br>Mara Taylor,<br>    Defendant. | No. A-17-CR-00053-SS(6) |

## Application for Turnover Order

Now comes Plaintiff, UNITED STATES OF AMERICA, and applies for a turnover order as follows:

## Background

1. On July 14, 2017, the Court sentenced Defendant Mara Taylor, to 100 months of imprisonment and to pay a special assessment of $100.00 and a $3,600.00 fine for one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. (Doc. No. 259).  On that date, a federal tax type lien arose and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding fine.  *See* 18 U.S.C. § 3613(c).

2. As of August 30, 2021, according to the records of the United States District Clerk, $1,850.00 has been credited to this judgment debt, leaving a principal balance of $1,850.00, plus interest bearing at the rate of 1.230%.  Through September 30, 2021, the interest is calculated to be is $158.73, resulting in a total indebtedness of $2,008.73.

3. The defendant remains in a Federal United States Penitentiary (FCI Waseca) in Waseca, MN 56093. She is scheduled to be released in 2024.

4. The United States Attorney's Office for this district was informed that the Defendant has about $12,874.96 in their inmate trust account maintained by the Bureau of Prisons

("BOP").[1]

## Argument and Authorities

The United States moves this Court for an order directing BOP to turn over $2,008.73 of these funds to the Clerk of Court as payment towards Defendant's criminal debt.[2] These sums are not exempt from execution. *See* 18 U.S.C. § 3613(a) and (f). This Court has the power to issue a turnover order pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq*. Although turnover orders are not among the remedies contained in the FDCPA, Section 3003(b) provides that the Act shall not be construed to limit the right of the United States to collect a criminal debt under State law. The applicable state statute is Texas Civ. Prac. & Rem. Code § 31.002. The sentence of imposing a fine created a lien enforceable in the same manner as federal tax lien. *See* 18 U.S.C. § 3572(d); 18 U.S.C. § 3613(c). This lien attaches to all of Defendant's property – real and personal – to include funds held by the BOP in her inmate trust account.[3] *See also* 18 U.S.C. §§ 3613(a)(government enforces judgment imposing a fine against all property and rights to property of the defendant).

---

[1] The purpose of inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id.* Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

[2] The United States is informed that defendants are generally limited to $320 per month in expenditures from commissary accounts.

[3] The broad definition of "property" under the FDCPA supports this position.

> "Property" includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)),… *See* 28 U.S.C. § 3002(12).

Under Texas law, the following must be established in order to obtain entry of a turnover order: (1) the defendant must own the property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property cannot readily be attached or levied on by ordinary legal process. TEXAS CIV. PRAC. & REM. CODE § 31.002(a); e.g., *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Given that the money is in the Defendant's commissary account, it is easily established that it is his property. See *Garrigo v. United States*, 296 F.Supp. 1110, 1115 (N.D. Tex. 1968) ("once money is received and subjected to the unrestricted disposal of the recipient, such money becomes personal property irrespective of the source from which it was received."). Moreover, the commissary account funds are likewise not exempt pursuant to 18 U.S.C. § 3613(a)(1).

Finally, the funds in question cannot be attached or levied upon by ordinary legal process. The Bureau of Prisons is a subdivision of the United States Department of Justice, and therefore the Government is already in custodial possession of the funds. Thus, the Government could not garnish or execute on the funds as this would be tantamount to garnishing itself. The case of *United States v. Woodworth*, 39 F. App'x 376 (7th Cir. 2002) is instructive on this point. In Woodworth, the government sought to collect unpaid restitution by requesting the sale of a coin collection belonging to the defendant that had come into the possession of the FBI. In dismissing the defendant's claim that the government had acted outside the statute of limitations applicable to forfeiture, the Seventh Circuit noted that "[s]pecifically, the government sought to collect under Fed. R. Civ. P. 69, which provides that process to enforce a judgment for the payment of money is by writ of execution 'unless the court directs otherwise' … [t]he district court here did not issue a writ of execution because [the defendant's] coin collection was already in the government's possession." *Id*. at 377. Accordingly, turnover was the appropriate remedy

in this case.

Furthermore, 18 U.S.C. § 3664(n) states in relevant part:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

Accordingly, not only does federal law permit the Government to execute on its lien, it also mandates that Defendant apply these funds to her fine debt.

Thus, the Government requests that BOP be directed to turn over $2,008.73 to satisfy the Defendant's debt.  The Defendant will still have ample commissary funds for other expenditures.

WHEREFORE, the United States respectfully requests that the Court enter an order directing BOP to turn over $2,008.73 from Defendant's inmate trust account to the United States District Clerk and that the United States District Clerk be directed to apply the monies to Defendant's criminal debt.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By:  /s/ *Todd R. Keagle*
**TODD R. KEAGLE**
Assistant United States Attorney
Texas Bar No. 24031529
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Telephone: (210) 384-7138
Facsimile:  (210) 384-7247
E-mail: Todd.Keagle@usdoj.gov

## Certificate of Service

    I certify that on September 1, 2021, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☐  The CM/ECF system will send notification to the following CM/ECF participant(s):

☒  I also certify that I have mailed this document by United States Postal Service to the following non-CM/ECF participant(s):

Mara Taylor
Reg. No. 86603-380
FCI WASECA
Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093
***Defendant***

                                      /s/ *Todd R. Keagle*
                                      **TODD R. KEAGLE**
                                      Assistant United States Attorney

United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>v.<br><br>Mara Taylor,<br>    Defendant. | No. A-17-CR-00053-SS(6) |

### Turnover Order

Came on to be considered the application of the United States of America for a Turnover Order in this case. The Court makes the following findings and concludes that the application should be GRANTED.

Defendant Mara Taylor, is currently serving 100 months of imprisonment and to pay a special assessment of $100.00 and a $3,600.00 fine for one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. (Doc. No. 259). On that date, a federal tax type lien arose and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding restitution. *See* 18 U.S.C. §3572(d); 18 U.S.C. § 3613(c). According to the records of the United States District Clerk for the Western District of Texas, $1,850.00 remains outstanding on Defendant's debt. This judgment bears interest at a rate of 1.230%. .

**IT IS THEREFORE ORDERED** that the Bureau of Prisons turn over $2,008.73 currently held in Defendant's inmate trust account maintained by the Bureau of Prisons to the United States District Clerk.

The check shall be made payable to "United States District Clerk" and shall reference **"U.S. v. MARA TAYLOR, Case No. A-17-CR-00053-SS(6)"** on the memo line. The check shall be mailed to:

                United States District Clerk's Office
                501 West Fifth Street, Suite 1100
                Austin, Texas 78701

**IT IS FURTHER ORDERED** that the United States District Clerk shall apply the amount received as payment towards Defendant's criminal debt.

Dated: _____        _____
                                                                  **SAM SPARKS**
                                                                   SENIOR UNITED STATES DISTRICT JUDGE